IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELLERY OLIVER, | § | |
| TDCJ #304611, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-1007 |
| | § | |
| TEXAS DEPARTMENT OF | § | |
| CRIMINAL JUSTICE, *et al*., | § | |
|     Defendants. | § | |

**MEMORANDUM AND ORDER**

Plaintiff Ellery Oliver is a prison inmate in custody of the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Oliver has filed a complaint against the Texas Department of Criminal Justice, the University of Texas Medical Branch and the District Court for the Southern District of Texas under 42 U.S.C. § 1983. Because he has not paid the filing fee, Oliver presumably requests leave to proceed *in forma pauperis*. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A(a), the Court concludes that this case must be **dismissed** for reasons set forth briefly below.

**I.    DISCUSSION**

Oliver's complaint is difficult to decipher. Liberally construed, Oliver alleges that he has been "denied . . . liberty and property without due process of law" and that he has been subjected to unspecified "human rights violations." Oliver asserts that unidentified individuals have been "deliberately indifferent" to an undisclosed medical issue and that he

has been denied access to courts previously because of the Prison Litigation Reform Act (the "PLRA"). Without providing any details, Oliver adds that this case presents an "extreme[ly] complex situation" and "life endangerment issues."

Court records reflect that, prior to filing this case, Oliver has filed many other civil actions in the federal courts while incarcerated in TDCJ. Of these cases, three have been dismissed as frivolous or for failure to state a claim. *See Oliver v. Davis*, Civil No. 4:96-3629 (S.D. Tex. Dec. 4, 1996); *Oliver v. Lynaugh*, Civil No. 6:88-396 (E.D. Tex. June 25, 1991); *Oliver v. Lynaugh*, Civil No. 6:88-116 (E.D. Tex. Jan. 22, 1991). Thus, Oliver has at least three strikes against him for filing frivolous lawsuits prior to filing the present action.

Under the PLRA, 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action *in forma pauperis* in federal court if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, unless he is in "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 385 (5th Cir. 1996). To fit within the exception, a prisoner must demonstrate that imminent danger of serious physical injury exists at the time the plaintiff seeks to file his complaint. *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998). The vague complaint in this case does not show that Oliver is under imminent danger of serious physical injury or that he fits within the exception to the bar imposed by § 1915(g). Therefore, summary dismissal is warranted.

## II.     CONCLUSION AND ORDER

Accordingly, the Court **ORDERS** as follows:

1. To the extent that the plaintiff seeks leave to proceed *in forma pauperis*, that request is **DENIED**.

2. This cause of action is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g).

3. Plaintiff may re-file his complaint if he pays the filing fee in full.

**The Clerk will provide copies of this order to the parties; to the TDCJ - Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX 78711, Fax 512-936-2159; and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on May 6th, 2015.

_____
Nancy F. Atlas
United States District Judge